[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DATE OF SENTENCE : SEPTEMBER 18, 1998 DATE OF APPLICATION : SEPTEMBER 18, 1998 DATE APPLICATION FILED : SEPTEMBER 18, 1998 DATE OF DECISION : NOVEMBER 26, 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Fairfield, Docket No. CR 97-0129130.
Beverly Carswell, Esq. Counsel for the Petitioner
Howard Stein, Esq. Counsel for the State
SENTENCE AFFIRMED.
 BY THE DIVISION
Jose Prat, petitioner, was found guilty after a jury trial of the crimes of Assault in the First Degree, a violation of General Statute § 53a-59 (a)(1), which provides for a sentence of not less than one year more than 20 years incarceration and Carrying a Dangerous Weapon, a violation of 53-206 (a) which provides a penalty of up to 3 years incarceration.
The petitioner was sentenced on the Assault in the First Degree to the custody of the commissioner of corrections for a term of 20 years, execution suspended after 16 years and 3 years probation. Petitioner received a 3 year sentence on the Carrying a Dangerous Weapon charge to be served concurrently with the Assault in the First charge for a net effective sentence of 20 years execution suspended after serving 16 years incarceration, to be followed by 3 years of probation. It is this sentence that petitioner seeks to have reviewed.
The facts which the jury could reasonably find that provide a basis for CT Page 15196-f the charges are the following:
 At approximately 11 p. m. on January 3, 1997, the victim, Michael Barnum, was walking on Barnum Avenue in Stratford. Four young men, including the defendant, Anthony Ramirez, Tremaine Irby and Peter Cortijo, were standing in a driveway adjacent to Barnum Avenue. One of the men observed the victim walking and called him over. Being familiar with two of the men standing in the driveway, Cortijo and Ramirex, the victim entered the driveway. The defendant proceeded to strike the victim on the head with a baseball bat. The victim lost consciousness and remained in a hospital for four days. Two under cover police officers observed the petitioner strike the victim with the bat. One officer saw the petitioner strike the victim in the head with the bat and then strike him two more times while the victim was lying on the ground. State v. Prat, 66 Conn. App. 91, 94 (2001).
At the hearing before the Division counsel for the petitioner claimed that the sentence imposed was too harsh based upon several mitigating factors.
The first mitigating factor counsel articulated is that the petitioner was one of four people who were involved in this "beat down" of the victim. Counsel stressed that the defendant was not the only participant, that others participated, that 3 bats were located at or about the scene, and only the petitioner was arrested.
Accepting these claims of counsel as factual, there is nothing in these representations that the Division considers mitigating in nature relevant to the crime or the sentence. It is noteworthy that at the time of the offense the petitioner was approximately 23 or 24 years of age, apparently the others with the petitioner were juveniles. The victim was age 13 at the time of the assault.
The second set of circumstances that counsel identifies as a mitigating factor is the petitioner had reason to believe that his (petitioner's) 14 year old brother was recently chased by, and shot at, by the victim. Counsel claims that petitioner armed himself (with a bat) because he reasonably thought the victim would be armed. Petitioner's purpose, as advanced by counsel, was to teach the victim a lesson. Counsel stresses that petitioner's mindset at the time was that he could be "harmed, attacked, shot" by the intended victim. Counsel indicated petitioner considered the best thing to do was to confront the victim. Counsel concluded by indicating this was not the proper way to handle the matter but petitioner only knows the ways of the streets. CT Page 15196-g
Counsel further indicated there were no acts of violence in petitioner's criminal history and that the petitioner does have redeemable qualities.
The petitioner addressed the Division. Petitioner indicated that he should have known better. "At the time I thought what I was doing was right; I thought my brother was in danger. "My brother means the world to me I'd sacrifice my life (for him). "At that time I was not thinking straight. I was on drugs." "I'm asking for another chance."
Counsel for the state countered that the petitioner "set out on a purpose: to avenge wrongdoing inflicted on his younger brother." Counsel stressed that the assault was intentional conduct and that one of the undercover officers observed the petitioner strike the Victim 3 times in the head with the baseball bat. Although not relevant to our inquiry, counsel for the state indicated that the victim played no role in the earlier incident involving the petitioner's younger brother, counsel related that the victim was only a friend of the person the group was seeking for the previous incident.
Counsel for the state reviewed for the Division the petitioner's extensive criminal history and further indicated that upon his arrest in the instant matter petitioner was released on bond and was arrested on two additional criminal matters.
Counsel for the state indicated the petitioner was referred to various diversionary programs and left each one, apparently without successful participation or completion.
The sentencing court reviewed the entire record. The trial court indicated in its sentencing remarks the serious nature of the matter: "The victim suffered serious head injuries. He suffered an intracranial injury, fractures to an eye orbit. He was in the hospital and watched very carefully. Fortunately, the victim has not suffered long term injuries." (Transcript page 17). It appears that the (petitioner) did not act alone, but it was a surprise attack, it was not self-defense. (Id).
The trial court then recounted the petitioners extensive criminal history and noted in conclusion that the petitioner was on probation at the time of the offense.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public CT Page 15196-h interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq., and Connecticut General Statute § 51-194, et seq.
Taking into consideration the violent nature of the crime, the extensive criminal history of the defendant, including the fact that petitioner was on probation at the time of the offense, the sentence imposed was neither inappropriate nor disproportionate.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence is AFFIRMED.
 ___________________, J. Miano ___________________, J. Ford ___________________, J. Holden
Miano, J., Ford, J., and Holden, J. participated in this decision. CT Page 15197